UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JABIR SINGH, et al.,

    Plaintiffs,

v.

ROADRUNNER INTERMODAL SERVICES, LLC, et al.,

    Defendants.

Case No. 15-cv-01701-JSW

**ORDER GRANTING MOTION TO TRANSFER**

Re: Docket No. 19

Now before the Court for consideration is the motion to transfer venue, filed by Defendants Roadrunner Intermodal Services, LLC ("Roadrunner"), Central Cal Transportation, LLC ("CCT"), and Morgan Southern, Inc. ("Morgan") (collectively "Defendants"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the motion is suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the hearing scheduled for October 9, 2015, and it HEREBY GRANTS Defendants' motion.

**BACKGROUND**

On March 9, 2015, Plaintiffs filed this wage and hour putative class action in the Superior Court of the State of California for the City and County of San Francisco ("San Francisco Superior Court"). Plaintiffs alleged that venue was proper in San Francisco Superior Court, because

> Defendants own and operate business facilities in San Francisco County, and other counties in the State of California, where Defendants … engage Plaintiffs and Class Members to work driving trucks, control their wages, hours and working conditions, and suffer or permit them to work as truck drivers. … Plaintiffs and the Class Members have suffered damages, and will continue to suffer damages, in San Francisco County and other counties throughout California as a result of Defendants, and each of their wrongful

conduct[.]

(Notice of Removal, Ex. A (Complaint ("Compl.")) ¶ 5.)

It is undisputed that each Plaintiff resides within the Eastern District of California. (*Id.* ¶¶ 8-15.) According to Plaintiffs, Defendants have violated various provisions of the California Labor Code by failing to provide meal and rest breaks, failing to pay minimum wage, failing to compensate them for business expenses incurred, failing to pay them wages due at discharge, and failing to provide accurate wage statements. (*Id.* ¶¶ 42-84.) Plaintiffs, through counsel, attest that they performed much of the work for which Defendants allegedly have not compensated them in and around the Port of Oakland. (Declaration of Daniel M. Kopfman ("Kopfman Decl."), Exs. A, B.)

On April 15, 2015, Defendants removed the action to this Court. It is undisputed that none of the Defendants are residents of this District. CCT is a drayage carrier, with a terminal in Fresno, California. (Declaration of Jeff Cox ("Cox Decl."), ¶ 3.) Roadrunner is an affiliate of CCT and also provides transportation related services. (*Id*, ¶ 4.) Roadrunner and CCT generally haul containers from the Central Valley to the Port of Oakland. (*Id.*, ¶ 5.) According to Defendants, Plaintiffs signed their contracts with CCT or Roadrunner at CCT's Fresno terminal, were dispatched from CCT's Fresno terminal, and payments were processed and approved in Fresno. (*Id.*, ¶¶ 6-9.)

The Court will address additional facts as necessary in its analysis.

## ANALYSIS

**A.   Applicable Legal Standard.**

Defendants move to transfer this action to the United States District Court for the Eastern District of California, pursuant to, *inter alia*, pursuant to 28 U.S.C. section 1404 ("Section 1404").[1] Pursuant to Section 1404(a), a district court may transfer a civil action to any district

---

[1] Defendants also moved to transfer pursuant to 28 U.S.C. section 1406 ("Section 1406"). Section 1406 permits a district court to dismiss or transfer where an action has been filed in the wrong district or division, *i.e.,* where venue is improper. However, Defendants did not file a motion to dismiss for improper venue, and when they filed their answer, they did not object to venue. Thus, they waived any objections to the propriety of venue within this District. *See, e.g.,* Fed. R. Civ. P. 12(h).

2

1   where the case could have been filed originally for the convenience of the parties and witnesses
2   and in the interest of justice.  A motion to transfer venue under section 1404(a) requires the court
3   to weigh multiple factors to determine whether transfer is appropriate in a particular case.  For
4   example, the court may consider: (1) the plaintiff's choice of forum; (2) the convenience of
5   witnesses and the parties; (3) the familiarity of the forum with the applicable law; (4) the ease of
6   access to evidence; and (5) the relative court congestion and time of trial in each forum.  *Gulf Oil*
7   *Co. v. Gilbert*, 330 U.S. 501, 508 -09 (1947); *Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498-
8   99 (9th Cir. 2000).  As the moving parties, Defendants bear the burden of showing that the
9   inconvenience of litigating in this forum favors transfer.  *See E. & J. Gallo Winery v. F. &*
10  *P.S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994).

**B.    The Court Grants the Motion to Transfer.**

There is no dispute that Plaintiffs could have filed suit in the Eastern District.
Accordingly, the Court weighs the relevant competing factors to determine which forum is
appropriate under the circumstances.

**1.    Plaintiffs' Choice of Forum.**

A court should give a plaintiff's choice of forum great deference, unless the defendant can
show that other factors of convenience clearly outweigh the plaintiff's choice of forum.  *Decker*
*Coal Co.*, 805 F.2d at 843.  There are factors that will diminish the deference given to a plaintiff's
choice of forum, including where, as here, a plaintiff files suit on behalf of a putative class.  *See,*
*e.g., Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987).  The deference accorded to a plaintiff's
chosen forum also should be balanced against both the extent of a defendant's contacts with the
chosen forum and a plaintiff's contacts, including those relating to a plaintiff's cause of action.
*Pacific Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968).  "If the operative facts
have not occurred within the forum of original selection and that forum has no particular interest
in the parties or the subject matter, [a] plaintiff's choice is only entitled to minimal consideration."
*Id.*

It is undisputed that the named Plaintiffs are not residents of this District.  Although
Defendants argue that *all* putative class members reside in the Eastern District, they attest only

3

that "[a]ll independent vendors who contracted with CCT or RRIS in Fresno since 2013 have resided in the Eastern District of California." (Second Declaration of Jeff Cox ("Second Cox Decl."), ¶ 3.) Plaintiffs, however, define the class as "all current and former California-based, truck drivers or persons in an equivalent position or performing equivalent job duties however titled, who worked and/or are forking for Defendants … within four years prior to the filing of the original Complaint[.]" (Compl. ¶ 30.) Thus, it is possible that some members of the putative class reside within this District.

Defendants also argue that the events that give rise to the dispute occurred in the Eastern District. It is undisputed that, as part of their job duties, Plaintiffs haul containers to the Port of Oakland, which is within this District. Defendants argue that although Plaintiffs may have performed some work in this District, they contracted with Defendants in the Eastern District and all payment decisions and payment processing occurred in the Eastern District. (*See* Cox Decl., ¶¶ 7-9.) Plaintiffs have shown that there is a connection to this District, although it is minimal.

In light of the fact that none of the named Plaintiffs resides here, given that this is a putative class action, and in light of the fact less than substantial connection to this District, the Court affords minimal deference to Plaintiffs' choice of forum. *Lou*, 834 F.2d at 739; *Pacific Car & Foundry*, 403 F.2d at 954.

**2. Convenience of the Witnesses and Parties.**

In addition to considering Plaintiffs' choice of forum, the Court considers the relative convenience to the parties and witnesses involved in the lawsuit of the competing forums when deciding a motion to transfer. *Gulf Oil*, 330 U.S. at 508. The convenience of witnesses is often the most important factor in resolving a motion to transfer. The trial court looks at who the witnesses are, where they are located, and the relevance of their testimony. *A.J. Industries, Inc. v. United States District Court*, 503 F.3d 384, 389 (9th Cir. 1974).

Defendants have not identified any particular witnesses and have not attested to the nature of their testimony. Rather, they attest generally that "[t]he witnesses for CCT and RRIS who are familiar with the services Plaintiffs performed work out of the Fresno terminal are all located in or around Fresno County." (Cox Decl., ¶ 10.) Mr. Cox also attests that he resides in the Eastern

4

1  District. (Second Cox Decl., ¶ 4.) This type of general testimony normally would not be
2  sufficient to sustain a defendant's burden of persuasion on a motion to transfer. *See E. & J. Gallo*
3  *Winery*, 899 F. Supp. at 466. In addition, Mr. Cox does not specify whether these unidentified
4  witnesses are party or non-party witnesses. Although the Court should consider the convenience
5  of party witnesses, "the convenience of non-party witnesses is the more important factor." *Saleh*
6  *v. Titan Corp.*, 361 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005) (quoting *Aquatic Amusement Assocs.*
7  *v. Walt Disney World Co.*, 734 F. Supp. 54, 57 (N.D. N.Y. 1990)) (internal quotation marks
8  omitted).

9  It is undisputed that each of the named Plaintiffs resides in the Eastern District. In
10  addition, although Defendants have only put forth general evidence about likely witnesses, the
11  Plaintiffs have not refuted it; nor have they identified any potential non-party witnesses located in
12  this District.

13  Based on the current record, the Court concludes that the convenience of the witnesses and
14  parties weighs slightly in favor of transfer.

15  **3.    Familiarity of the Forum with the Applicable Law.**

16  It is undisputed that this action will involve California law, and both this Court and the
17  Eastern District are familiar with that law. This factor is neutral.

18  **4.    Ease of Access to Evidence.**

19  Access to sources of proof is another factor that favors transfer. *Gulf Oil*, 330 U.S. at 508.
20  Defendants attest that all of the relevant records are located either in Fresno or at the Defendants'
21  corporate offices in Wisconsin. (Cox Decl., ¶ 10.) "With technological advances in document
22  storage and retrieval, transporting documents generally does not create a burden." *Van Slyke v.*
23  *Capital One Bank*, 503 F. Supp. 2d 1353, 1362 (N.D. Cal. 2007). However, Defendants have
24  demonstrated that relevant documents are not located within this District.

25  Accordingly, the Court concludes that this factor weighs in favor of transfer.

26  **5.    Relative Congestion.**

27  Another factor courts consider is the relative court congestion in each forum. Plaintiffs ask
28  the Court to take judicial notice of an opinion written from the Eastern District, which stated that

1  "[j]udges in the Eastern District carry the heaviest case loads in the nation."  (Plaintiff's Request
2  for Judicial Notice, Ex. A.)  The Court can take judicial notice of the existence of the opinion.  It
3  cannot, however, take judicial notice that the statements therein are true.  The Court does,
4  however, have access to statistical records that show that the Eastern District's overall caseload
5  and median time to disposition is slightly greater than the Northern District's caseload.[2]  The
6  Court cannot say that the difference is so great that this factor would weigh against transfer.
7        The Court has considered all of the factors set forth above.  When the Court weighs those
8  factors and when it considers the interests of justice, the Court concludes that, on balance, this
9  case should be transferred to the Eastern District.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to transfer venue, and it HEREBY TRANSFERS this matter to the United States District Court for the Eastern District of California.  Once the transfer is complete, the Clerk is directed to close this file.

**IT IS SO ORDERED.**

Dated:  September 30, 2015

_____
JEFFREY S. WHITE
United States District Judge

---

[2] *See http://jnet.ao.dcn/resources/statistics/fed-court-statistics/fcms-june-2015-district-courts* (last visited Sept. 29, 2015).

6